Roberti v. The Methodist Book Concern.

HENRY H. ROBERTI AND MARGARET ROBERTI, HIS WIFE, v. THE METHODIST BOOK CONCERN.

A married man having his family fixed in one place, but doing business at another, is deemed to have his residence at the former, and while his family so remain fixed, he cannot acquire a residence elsewhere.

Although by reason of a prolonged absence from the State, a party might be proceeded against by attachment at the instance of a creditor, yet he may be deemed a resident of this State for all other purposes.

Thus, where a plaintiff had been absent from the State for more than two years, on business, but his wife and minor child continued to reside here —*Held*, that the plaintiff was not such a non-resident as that the Court would compel him to file security for costs.

APPEAL from an order granted, on motion, at Special Term, requiring the plaintiffs to file security for costs within twenty days. The affidavits on both sides, read on the motion, show that Henry H. Roberti, one of the plaintiffs, and husband of the other plaintiff, was not in this State at the commencement of the action, and had not been in this State for more than two years.

The action was brought to recover damages for injuries to the person of the plaintiff, Margaret Roberti, and to the furniture in her apartments, caused by the fall of a chimney, built and owned by the defendants, on their premises near the apartments where Margaret Roberti lodged.

The plaintiff, Margaret Roberti, in her affidavit in opposition to the motion, alleged that her husband was absent from New York on business; that she did not know the exact place in which he was; but she thought he was then in Kansas or Texas, and would soon return to his residence in this city. That since his absence, she and her minor daughter have resided in this city, and had received letters from her husband from time to time, expressing an intention to return to his home here.

*C. L. Spilthorn* and *John B. Fogarty* for appellants.

*E. L. Fancher* for respondents.

By the Court.—Hilton, J.—When the plaintiff, Henry H. Roberti, left this city two years ago, he was a resident of this State, his domicil and family having been located here for about two years previously.

Although, by reason of his prolonged absence, he might be proceeded against by attachment at the instance of a creditor, yet he is still to be deemed a resident of this State for all other purposes.

A married man having his family fixed at one place, but doing business at another, the former is to be deemed his place of residence ; and while his family so remain fixed, he cannot acquire a residence elsewhere : the rule being that his original domicil must prevail until he acquires another. Phillimore's Law of Domicil, §§ 28, 209 ; *Matter of Thompson*, 1 Wend. 44; *Chaine v. Wilson*, 1 Howard, 552, 558 ; *Houghton v. Ault, Id.*, 78.

The case of *Wright v. Black* (2 Wend. 258), cited by respondent as controlling the present case, was prior to the Revised Statutes, and seems to be under a rule of Court made in January, 1799. Besides, it did not there appear that the plaintiff had a family, or any fixed place of abode.

Order appealed from reversed with $10 costs.